**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    EDCV 12-00406 VAP (DTBx)                    Date:  March 26, 2012

Title:    DEUTSCHE BANK NATIONAL TRUST CO. -v- JAMES R. FINK, et al.
===============================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                      None Present
    Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR                ATTORNEYS PRESENT FOR
PLAINTIFFS:                          DEFENDANTS:

    None                                 None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO  (IN CHAMBERS)

    On March 20, 2012, alleging that this Court has federal question jurisdiction over the instant case, Defendants James and Jessica Fink removed the above-captioned unlawful detainer action to this Court from the California Superior Court for the County of San Bernardino.  For the following reasons, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

    Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--

MINUTES FORM 11                                  Initials of Deputy Clerk ___md___
CIVIL -- GEN                    Page 1

EDCV 12-00406 VAP (DTBx)
DEUTSCHE BANK NATIONAL TRUST COMPANY v. JAMES R. FINK, et al.
MINUTE ORDER of March 26, 2012

Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendants allege the basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, but specify no federal question in their Notice of Removal whatsoever; they specify only a federal law defense, which cannot serve as the basis for removal, Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).  From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction.  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

     **IT IS SO ORDERED.**